UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUSSELL BOWENS A/K/A NURIDEEN
ISLAM,

                              Plaintiff,

          -against-                                    21-CV-8136 (LTS)

KEITH RUSSELL, FORMER EMPLOYEE                          ORDER TO AMEND
AT NEW YORK THEOLOGICAL
SEMINARY; NEW YORK THEOLOGICAL
SEMINARY,

                              Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Russell Bowens, also known as Nurideen Islam, appears *pro se* and brings this

action under 42 U.S.C. § 1983, alleging that Defendants discriminated against him based on his

religion in violation of his federal constitutional and statutory rights. He sues the New York

Theological Seminary (NYTS), and Keith Russell, a former employee of NYTS. By order dated

October 7, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that

is, *in forma pauperis* (IFP). For the reasons set forth below, the Court grants Plaintiff leave to file

an amended complaint within sixty days of the date of this order.

                              **STANDARD OF REVIEW**

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint. Plaintiff is a graduate of the Master of Divinity program at NYTS. On September 3, 2018, Plaintiff met with Dr. Yvonne Salaman, Assistant Registrar at NYTS, about enrolling in the Doctor of Ministry Program. Plaintiff explained to Salaman that he would need to be excused from orientation day and at least two days of class because he had started a new job a few weeks earlier. Salaman informed

Plaintiff that he would probably not be excused from class because he would be missing too many credit hours, but that Plaintiff should speak with Dr. Russell, who was in charge of the cohort.

Dr. Russell told Plaintiff that Plaintiff "was the only Muslim in the group, and that he will not be allowed to miss orientation or any class days because plaintiff would miss too many credit hours." (ECF 2, at 2.) Plaintiff subsequently received permission from his employer to miss six days of work without pay in order to attend classes.

When Plaintiff began classes, he noticed that "many of the students" had missed orientation day and several days of classes. (*Id.*) "Even more glaring was the fact that one student, the only Asian student in the class, showed up late and left early one day, and that was the extent of her attendance during the entire six days of class." (*Id.*) Plaintiff "voiced his objection in class about the double standards, and discrimination that was levelled against him because he was the only Muslim in the cohort." (*Id.*)

On March 5, 2019, Plaintiff discovered that he had been given several letter grades of "D" for the entire school year, "even though plaintiff had only attended the week of October 1-5, 2018, and did not submit any class assignments whatsoever." (*Id.* at 3.) He did not attend NYTS during the February 4-8, 2019, and June 10-14, 2019 periods, but still received a "D" for those periods "with no concerns for class credit hours." (*Id.*) Plaintiff complained to Dr. Efrain Agosto, the Academic Dean, asking how he could have been given Ds when he never completed any assignments and did not attend the last two class terms. Plaintiff alleges that he was given the

low grades "so that the school wouldn't have to return the monies to FAFSA."[1] (*Id.*) Plaintiff also maintains that he was given "Ds" in retaliation for filing his complaints against Dr. Russell.

On March 5, 2019, Plaintiff discussed the matter with Dean Agosto, and they agreed that "the best way to resolve the matter was for plaintiff to return to school at no cost since Dr. Russell was no longer there." (*Id.*) On the same day, Agosto informed Plaintiff that after speaking with Plaintiff's master's degree advisor, "they agreed that the plaintiff would not be allowed to return to school." (*Id.*)

On September 18, 2019, Plaintiff filed a complaint with Dr. Lakeesha Walrond, the new President of NYTS, but never received a response. Plaintiff then filed a complaint with Academic Dean Tamara Henry, who directed Plaintiff to contact a Ms. White "to explain the financial ramifications of plaintiff's situation." (*Id.* at 4.) Plaintiff subsequently received a copy of "the financial ledger outlining monies spent during the 2018 school year." (*Id.*)

Plaintiff seeks $100,000 in compensatory damages.

## DISCUSSION

The complaint states Plaintiff is asserting claims under 42 U.S.C. § 1983 (Section 1983) that Defendants violated his rights under the First and Fourteenth Amendments. Plaintiff also invokes the Civil Rights Act of 1964, but it is unclear which provision of the Act Plaintiff is asserting. The Court construes the complaint as also asserting allegations under Title VII, Title VI, and Title IX of the Civil Rights Act.

---

[1] FAFSA is presumably a reference to the Federal Student Aid Program. The form used to apply for federal financial aid is the Free Application for Federal Student Aid form.

A.      **Claims under Section 1983**

The Court must dismiss Plaintiff's claims under Section 1983 against Russell and the

NYTS. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured

by the Constitution or laws of the United States was violated, and (2) the right was violated by a

person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49

(1988). "Because the United States Constitution regulates only the Government, not private

parties, a litigant claiming that his constitutional rights have been violated must first establish

that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396

F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted); *see also Tancredi v. Metro. Life

Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003) ("A plaintiff pressing a claim of violation of his

constitutional rights under § 1983 is thus required to show state action.").

Defendants Russell and NYTS are private parties who do not work for any state or other

government body. NYTS is a private organization,[2] and Russell is a former employee of NYTS.

The activity of a private entity can be attributed to the state in three situations: (1) the entity acts

using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the

entity willfully participates in joint activity with the state, or its functions are entwined with state

policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function

to the entity (the "public function" test). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir.

2012). The fundamental question under each test is whether the private entity's challenged

---

[2] NYTS is a private non-profit organization. *See*
https://projects.propublica.org/nonprofits/organizations/131628150. Generally, courts may take
judicial notice of publicly available terms, including from a website. *See Force v. Facebook, Inc.*,
934 F.3d 53, 60 (2d Cir. 2019) (citing *23-34 94th St. Grocery Corp. v. N.Y.C. Bd. of Health*, 685
F.3d 174, 183 n.7 (2d Cir. 2012) (taking judicial notice of content of website whose authenticity
was not in question)).

actions are "fairly attributable" to the state. *Id.* (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

In analyzing whether a private entity acts under color of state law for purposes of Section 1983, the district court begins "by identifying the specific conduct of which the plaintiff complains," rather than the general characteristics of the entity. *Id.* Moreover, the fact that an entity receives public funds does not turn private action into state action, and acts of private contractors do not become acts of the government. *See Rendell-Baker*, 457 U.S. at 840-41. Further, a private entity does not become a state actor merely by acting in accordance with a state contract. *See, e.g.*, *id.* at 841 ("Acts of such private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts.").

Here, Plaintiff does not allege any facts suggesting that NYTS's actions are attributable to the state. The complaint suggests that NYTS receives federal money in the form of student aid. (*See* ECF 2, at 3.) But receiving public money does not turn a private entity into a state actor for the purposes of Section 1983. As Defendants Russell and NYTS are private parties who do not work for any state or other government body, Plaintiff has not stated a claim against these defendants under Section 1983.

## B.   Claims under Title VII

Title VII of the Civil Right Act provides that "[i]t shall be an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Title VII prohibits employers from mistreating an individual

because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Here, Plaintiff does not allege that he was ever employed by NYTS, or that NYTS discriminated against him with respect to his compensation, terms, conditions, or privileges of employment. Plaintiff therefore fails to state a claim under Title VII.

**C.     Claims under Title VI**

Under Title VI of the Civil Rights Act, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

To state a claim for discrimination under Title VI, the plaintiff must allege that (1) the defendant discriminated against the plaintiff on the basis of race, (2) the discrimination was intentional, and (3) "the discrimination was a 'substantial or motivating factor' for the defendant's actions." *Tolbert v. Queens Coll.*, 242 F.3d 58, 69 (2d Cir. 2001) (citing *Gierlinger v. Gleason*, 160 F.3d 858, 868 (2d Cir. 1998)); *see e.g.*, *Biswas v. City of N.Y.*, 973 F. Supp. 2d 504, 531-32 (S.D.N.Y. 2013) (finding that the plaintiff-student, who alleged how she was treated differently from students of other races, had stated sufficient facts that the defendant-department had intentionally discriminated against her and that her race was a substantial or motivating factor in the defendants' actions).

Here, even assuming NYTS receives federal financial assistance,[3] Plaintiff does not allege any facts suggesting that NYTS intentionally discriminated against him because of his race, color, or national origin. In fact, nowhere in the complaint does he state his race, color, or national origin. Plaintiff rather alleges that he was discriminated against based on his religion. Religious beliefs, however, are not a protected category under Title VI.[4] 42 U.S.C. § 2000d (prohibiting discrimination based on race, color, and national origin); *see Pierce v. Woldenburg*, No. 11-CV-4248, 2012 WL 3260316, at *3 n.6 (E.D.N.Y. Aug. 7, 2012); *Kamal v. Hopmayer*, No. 05-CV-8164, 2006 WL 3197161, at *5 (S.D.N.Y. Nov. 2, 2006) ("Title VI does not protect against discrimination based on religion . . . .").

Plaintiff therefore fails to state a claim under Title VI.

## D.    Claims under Title IX

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). To state a claim under Title IX, a plaintiff must allege that members of the opposite sex were

---

[3] Title VI claims cannot be asserted against an individual defendant because the individual is not the recipient of federal funding. *See Goonewardena v. New York*, 475 F. Supp. 2d 310, 328 (S.D.N.Y. Feb. 14, 2007).

[4] The Second Circuit has suggested in a summary order that where religion is "deeply intertwined" with national origin, bias of both sorts may provide grounds for a Title VI claim. *See Kajoshaj v. N.Y.C. Dep't of Educ.*, 543 F. App'x 11, 13 n.2 (2d Cir. 2013). The court there declined to address the issue, however, because it concluded that the complaint was properly dismissed on other grounds. *See id.*; *see also T.E. v. Pine Bush Cent. Sch. Dist.*, 58 F. Supp. 3d 332, 354 (S.D.N.Y. Nov. 4, 2014) ("Defendants appear to correctly identify an area of legal ambiguity, at least to the extent that they suggest that there is a question as to whether religious bias alone can form the basis of a Title VI claim where it is not 'deeply intertwined' with national origin."). In any event, Plaintiff does not allege any facts suggesting that his religion is "deeply intertwined" with his national origin.

treated differently in similar circumstances and that the discrimination or bias is on account of sex. *See Doe v. Columbia Univ.*, 831 F.3d 46, 57-59 (2d Cir. 2016).

Plaintiff does not allege any facts suggesting that female students in similar circumstances were treated more favorably or that Defendants treated him differently because he is a man. Plaintiff therefore fails to state a claim under Title IX.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Although the Court is doubtful that Plaintiff can allege additional facts to state a valid claim, in an abundance of caution, the Court grants Plaintiff sixty days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)   the names and titles of all relevant people;

9

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-8136 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   October 25, 2021
         New York, New York

                                         /s/ Laura Taylor Swain
                                     LAURA TAYLOR SWAIN
                                   Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

-against-

_____
_____
_____

Jury Trial:   ☐ Yes      ☐ No

(check one)

_____
_____
_____

___ **Civil.** _____ (    )

_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**I.      Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's          Name_____
                        ID#_____
                        Current Institution_____
                        Address_____
                        _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1     Name _____ Shield #_____
                        Where Currently Employed _____
                        Address _____
                        _____

Defendant  No. 2      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Who did
what?

Defendant  No. 4      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.      Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.      Where in the institution did the events giving rise to your claim(s) occur?

_____

C.      What date  and  approximate  time  did  the  events  giving  rise  to  your  claim(s)  occur?

_____

_____

_____

D.      Facts:_____

What
happened
to you?

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

> **Was anyone else involved?**

_____
_____
_____
_____
_____

> **Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

      Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____     No _____     Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____     No _____     Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____     No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____     No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
          _____

          _____

        2.      What was the result, if any?
          _____

          _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
        _____
        _____
        _____
        _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
          _____
          _____
          _____

_____
_____
_____

    2.      If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.      Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

<u>Note</u>:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

_____

_____

**VI.    Previous lawsuits:**

<table>
<tr><td>On these claims</td></tr>
</table>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<table>
<tr><td>On other claims</td></tr>
</table>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____    No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
_____
_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff    _____

Inmate Number       _____

Institution Address    _____

_____

_____

_____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   _____